FILED
VANESSA L. ARMSTRONG, CLERK

JAN 05 2012

U.S. DISTRICT COURT
WEST'N DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

CRIMINAL NO. 3:11CR-90-S

v.

HEATHER JOHNSON                                                             DEFENDANT

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States of America, by David J. Hale, United States Attorney for the Western District of Kentucky, and defendant, HEATHER JOHNSON, and her attorney, Laura Wyrosdick, have agreed upon the following:

1.  Defendant acknowledges that she has been charged in the Indictment in this case with violations of Title 18, United States Code, Sections 471 and 472. Defendant further acknowledges that the Indictment in this case seeks forfeiture of One Epson Printer Scanner Copier and $2,770 in counterfeited federal reserve notes pursuant to Title 18, United States Code, Section 492 and Title 28, United States Code, Section 2461(c), and pursuant to Title 18, United States Code, Section 982(a)(2)(B), by reason of the offenses charged in Counts 1 and 2 of the Indictment.

2.  Defendant has read the charges against her contained in the Indictment, and those charges have been fully explained to her by her attorney. Defendant fully understands the nature and elements of the crimes with which she has been charged.

3.  Defendant will enter a voluntary plea of guilty in this case. Defendant will plead guilty because she is in fact guilty of the charges. The parties agree to the following factual

basis for this plea:

On or about March 11, 2011, in the Western District of Kentucky, Jefferson County, Kentucky, Heather Johnson, with intent to defraud, kept in her possession and manufactured $2,770 in counterfeit federal reserve notes. Johnson admitted to possessing and manufacturing counterfeit federal reserve notes using an Epson printer scanner copier (3-in-1 device) that was located on Johnson's bedroom floor. Upon inspecting the printer three genuine Federal Reserve Notes (FRNs) were located on the copying screen ($10 FRN Serial# DE24036344A, $5 FRN Serial# ID30844746B & $5 FRN Serial# II37999627A). A newly copied sheet of counterfeit currency was also sticking out of the printer scanner copier with copies of the above referenced FRNs.

4. Defendant understands that the charges to which she will plead guilty carry a combined maximum term of imprisonment of 40 years years, a combined maximum fine of $500,000, and a 3 year term of supervised release, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which she will plead guilty she may be ordered forfeit One Epson Printer Scanner Copier and $2,770 in counterfeited federal reserve notes.

5. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that she will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6. Defendant understands that by pleading guilty, she surrenders certain rights set forth below. Defendant's attorney has explained those rights to her and the consequences of her

waiver of those rights, including the following:

    A.    If defendant persists in a plea of not guilty to the charges against her, she has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict her unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B.    At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

    C.    At a trial, defendant would have a privilege against self-incrimination and she could decline to testify, without any inference of guilt being drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

7.    Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either

before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which she pleads guilty.

8. All financial matters are left to be addressed at sentencing.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $200 to the United States District Court Clerk's Office by the date of sentencing.

10. At the time of sentencing, the United States will

-recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

-recommend a fine at the lowest end of the applicable Guideline Range, to be due and payable on the date of sentencing.

-recommend a reduction of 2 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a), provided the defendant does not engage in future conduct which violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw her plea.

-demand forfeiture of One Epson Printer Scanner Copier counterfeited $2,770 in federal reserve notes

11. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

A. The Applicable Offense Level should be determined as follows:

| | | |
|---|---|---|
| 2B5.1(a) | | 9 |
| 2B5.1(b)(1)(A) | | 1 |
| 2B5.1(b)(3) | Increase to | 15 |
| **Acceptance of Responsibility** | | -2 |

4

**Offense Level** 13

  B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

  C. The foregoing statements of applicability of sections of the Sentencing Guidelines and the statement of facts are not binding upon the Court. The defendant understands the Court will independently calculate the Guidelines at sentencing and defendant may not withdraw the plea of guilty solely because the Court does not agree with either the statement of facts or Sentencing Guideline application.

12. Defendant is aware of her right to appeal her conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The Defendant knowingly and voluntarily waives the right (a) to directly appeal her conviction, the resulting sentence, and any claims of ineffective assistance of counsel pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack her conviction, the resulting sentence, and any claims of ineffective assistance of counsel pursuant to 28 U.S.C. § 2255 or otherwise. Defendant understands and agrees that nothing in this plea agreement should be construed as a waiver by the United States of its right to appeal the sentence under 18 U.S.C. § 3742.

13. Defendant agrees to the forfeiture of any interest she or her nominees may have in the following assets which she owns or over which she exercises control:

      a. One Epson Printer Scanner Copier

      b. $2,770 in counterfeited federal reserve notes

14. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

15. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

16. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

17. It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the recommendations of the United States are not binding on the Court. In other words, the Court is not bound by the sentencing recommendation and defendant will have no right to withdraw her

guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

18. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that she has informed the United States Attorney's Office and the Probation Officer, either directly or through her attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which she has agreed, she is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw her guilty plea because of her breach.

19. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

DAVID J. HALE
United States Attorney

By:

_____          1/5/12
Joshua Judd                              Date
Assistant U.S. Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____          1/5/12
Heather Johnson                          Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____          1/5/12
Laura Wyrosdick                          Date
Counsel for Defendant

DJH:JDJ